IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01879-GPG

JAN B. HAMILTON,

    Petitioner,

v.

DON BIRD, Pitkin County Jail,
D. MOULDOON, Park County Jail, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING PETITIONER TO FILE AN AMENDED APPLICATION

---

    Petitioner, Jan B. Hamilton, is detained in the Park County Detention Facility, in Fairplay, Colorado.  She has filed, *pro se*, a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1), and has paid the $5.00 filing fee.  In the § 2254 Petition, Ms. Hamilton appears to challenge misdemeanor convictions entered in Pitkin County Court Case Nos. 14M30 and 14M92 on March 16, 2015.  In two of her other pending habeas corpus cases, Ms. Hamilton clarifies that she is challenging 14M92 in this action, and is challenging 14M30 in 15-cv-01882-GPG.  *See Jan B. Hamilton v. Don Bird, et al.*, No. 15-cv-1691-GPG, at ECF No. 13; *see also Jan B. Hamilton v. D. Mouldoon, et al.*, No. 15-cv-01882-GPG, at ECF No. 1.  Accordingly, the Court will proceed under the assumption that Petitioner is challenging only the validity of her conviction in 14M92 in this action.

    The Court must construe the Petition liberally because Ms. Hamilton is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  The Court has reviewed the § 2254 Petition and finds that it is deficient, for the reasons discussed below.  Accordingly, Ms. Hamilton will be directed to file an Amended Application if she wishes to proceed in this action.

The Petition fails to comply with Fed.R.Civ.P. 8.  The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.  *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In addition, Rule 4(c) of the Rules Governing Section § 2254 Cases in the United States District Courts requires that an application "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground." The Petition contains almost 200 pages of attachments.  It is not the duty of this Court or the Respondents to sift through numerous attachments to determine whether the Plaintiff has states a claim for relief.

Ms. Hamilton is also reminded that she is required to exhaust any constitutional claims in the state courts before seeking federal habeas corpus relief.  28 U.S.C. § 2254(b); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  Ms.

Hamilton's allegations suggest that she had not yet exhausted available state court remedies at the time of filing.

**The Amended Application that Ms. Hamilton will be directed to file may not exceed 30 pages in length, including any attachments (unless the attachments are state court orders pertaining to 14M92)**.  Ms. Hamilton is warned that failure to comply with this page limit will result in any excess pages being stricken and not considered by the Court.  Accordingly, it is

ORDERED that Ms. Hamilton file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on the court-approved form, that complies with the directives in this Order.  It is

FURTHER ORDERED that the Clerk of the Court shall mail to Petitioner a copy of the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form.  It is

FURTHER ORDERED that if Petitioner fails within the time allowed to file an Amended Application as directed, the action will be dismissed without prejudice and without further notice.

DATED September 1, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge