IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01879-GPG

JAN B. HAMILTON,

      Applicant,

v.

DON BIRD, Pitkin County Jail,
D. MULDOON, Capt., Fairplay, CO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER OF DISMISSAL

---

Applicant, Jan B. Hamilton, is detained at either the Pitkin County Detention Center in Aspen, Colorado, or the Park County Detention Facility, in Fairplay, Colorado. She initiated this action on August 26, 2015, by filing, *pro se*, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (ECF No. 1). Ms. Hamilton has paid the $5.00 filing fee.

The Court construes Ms. Hamilton's filings liberally because she is not represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

## I.    Procedural Background

In a September 1, 2015 Order (ECF No. 3), Magistrate Judge Gordon P. Gallagher reviewed the Application, as well as Ms. Hamilton's other pending habeas cases, and determined that Applicant is challenging the validity of her conviction in Pitkin County Court Case No. 14M92 in this action.   Magistrate Judge Gallagher also determined that

the § 2254 Application was deficient because it failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  (*Id.*). Consequently, Magistrate Judge Gallagher ordered Ms. Hamilton to file an Amended Application, on the court-approved form, within 30 days, which complied with Fed. R. Civ. P. 8.  (*Id.*).  The Clerk of the Court mailed to Ms. Hamilton a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 the same day.  (*Id.*).

On September 16, 2015, after Ms. Hamilton informed the Court that she had been transferred from the Park County Detention Facility to the Pitkin County Detention Center, the clerk of the court was directed to resend to Applicant a copy of the September 1 Order, as well as a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  (ECF No. 4).  Magistrate Judge Gallagher ordered Applicant to file an Amended Application within 30 days of the September 16 Minute Order. (*Id.*).  Ms. Hamilton filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, on the court-approved form, on October 9, 2015. (ECF No. 6).

On October 26, 2015, Magistrate Judge Gallagher reviewed the Amended § 2254 Application and determined that it was deficient because the Court lacked subject matter jurisdiction over two of her three claims, and the third claim failed to comply with the pleading requirements of Rule 2(c) of the Rules Governing Section § 2254 Cases in the United States District Courts.   Consequently, Magistrate Judge Gallagher directed Ms. Hamilton to file a Second Amended Application within 30 days of the October 26, 2015 Order.

On December 7, 2015, Magistrate Judge Gallagher issued a Minute Order directing the Clerk of the Court to resend to Applicant, at the Park County Detention

Facility, a copy of the October 26, 2015 Order and a copy of the court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, because the Court learned that Applicant had been transferred from Pitkin County to Park County sometime in October 2015.Applicant,    (ECF No. 12).   Magistrate Judge Gallagher allowed Ms. Hamilton an additional 30 days from the December 7 Minute Order to file her Second Amended Application.

Ms. Hamilton has not filed a Second Amended Application to date, nor has she requested an extension of time.

## II.   Analysis

Ms. Hamilton should have received the copy of the October 26, 2015 Order sent to her at the Park County Detention Facility on December 7 because she filed a document in one of her other cases, on December 28, 2015, in which she identified her address as the Park County Detention Facility.   (*See Hamilton v. Boyd*, Case No. 15-cv-01107-LTB, at ECF No. 117).   Nonetheless, Ms. Hamilton failed to comply with the October 26 Order and did not file a notice of change of address with the Court, as required by D.C.COLO.LCivR 5.1(c).

Furthermore, as discussed in the October 26, 2015 Order, Ms. Hamilton's first and third claims for relief asserted in the Amended Application – that the state district court lacked jurisdiction over the criminal charges and over Plaintiff's person – fail to invoke this Court's habeas jurisdiction. *See* 28 U.S.C. § 2254(a) (stating that the remedy of habeas corpus is available to a person who "is in custody in violation of the Constitution or the laws of the United States."). *See also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (reaffirming that "federal habeas corpus relief does not lie for errors of state law") (internal

3

quotation marks and citations omitted); *Dowdy v. Jones*, No. 06-6218, 196 F. App'x 785, 787 (Tenth Circuit Oct. 12, 2006) (unpublished) (claim that state court lacked jurisdiction to try the petitioner is a state law question that is not cognizable under § 2254).

In addition, Applicant's second claim for relief – that her trial counsel was ineffective for failing to interview 32 eye witnesses – fails to comply with the pleading requirement of Rule 2(c) of the Rules Governing Section § 2254 Cases in the United States District Courts that an applicant "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground."   *See also Mayle v. Felix,* 545 U.S. 644, 655 (2005) (Section 2254 Rule 2(c), which is more demanding than Rule 8(a) of the Federal Rules of Civil Procedure, requires the petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground.").

And, finally, Ms. Hamilton's allegations in the Amended Application (*see* ECF No. 6 at 3-4) suggest that she has not exhausted state court remedies for her ineffective assistance of counsel claim, as required by 28 U.S.C. § 2254(b). *See also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (state prisoners are required to exhaust available state court remedies before seeking federal habeas corpus relief). To satisfy the exhaustion requirement for a county court conviction, Ms. Hamilton must file an appeal raising her constitutional claim in the state district court. *See* C.R.S. § 13-6-311(1)(a). Accordingly, it is

ORDERED that the Amended Application (ECF No. 6), filed by Applicant, Jan Hamilton, is DENIED and this action is DISMISSED WITHOUT PREJUDICE because Ms. Hamilton failed to file a Second Amended Application, in compliance with the October 26, 2015 Order, and failed to file a notice of address change, as required by the Local Rules

4

of this Court.   *See* Fed. R. Civ. P. 41(b).   Further, the Court lacks subject matter jurisdiction over claims one and three of the Amended Application, and claim two fails to comply with the pleading requirements governing § 2254 cases in the district courts. And, finally, Ms. Hamilton fails to allege specific facts in the Amended Application to show that she exhausted her state court remedies.   It is

FURTHER ORDERED that no certificate of appealability will issue because jurists of reason would not debate the correctness of this procedural ruling and Ms. Hamilton has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied for the purpose of appeal. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. Hamilton files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. It is

FURTHER ORDERED that the clerk of the court mail a copy of this Order addressed to Applicant at both the Pitkin County Detention Center and the Park County Detention Facility.1

---

1 Ms. Hamilton filed a document in one of her other cases, *Hamilton v. Boyd*, Case No. 15-cv-01107-LTB, indicating that she was transferred back to the Pitkin County Detention Center sometime between the end of December 2015 and January 14, 2016.   (*See id.* at No. 118).

DATED January 21, 2016, at Denver, Colorado.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court